**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AMERICAN OVERSIGHT, <br><br> *Plaintiff*, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, *et al.* <br><br> *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 25-cv-3200-JEB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO STRIKE THE COMPLAINT

Defendants U.S. Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI") ask this Court to take the drastic action of striking a portion of Plaintiff American Oversight's Complaint. The motion seeks to strike supported factual allegations pertinent to American Oversight's lawsuit—allegations which are not only relevant to American Oversight's underlying claims, but many of which are direct statements from Defendants or their leadership. The Court should reject this dilatory tactic, which is supported by neither the law nor the facts of this case, deny the instant motion, and order Defendants to file an Answer to American Oversight's Complaint within 10 days.

## BACKGROUND

This lawsuit concerns three substantively similar Freedom of Information Act ("FOIA") requests that American Oversight sent to Defendants on July 29, 2025, seeking records relating to the training, guidance, and instructions given to agency personnel tasked with the "exhaustive review of investigative holdings relating to Jeffrey Epstein" ordered by the Trump Administration

earlier this year. ECF No. 1 ¶¶ 5, 31. Defendants invoked a statutory 10-day extension, *see id.* ¶¶ 35, 39, but ultimately neither Defendant provided records or a final response to American Oversight's FOIA requests within the statutory timeframes. *See* 5 U.S.C. §§ 552(a)(6)(A)(i), (B)(i)–(iii); ECF No. 1 ¶¶ 36, 40, 43.

American Oversight filed the Complaint in this matter on September 15, 2025, ECF No. 1, which included a background section providing context for the three FOIA requests and support for potential claims relating to search adequacy and attorneys' fees. The background section includes citations to and quotations from: news reports that quote Attorney General Pam Bondi, *id.* ¶¶ 2, 13, 18; social media posts from FBI Director Kash Patel, *id.* ¶ 3; a memo issued jointly by DOJ and FBI regarding the Epstein file review, *id.* ¶¶ 5–9; a letter from U.S. Senator Richard Durbin, *id.* ¶¶ 10–11, 16; and a decision from a U.S. district court regarding the release of Epstein grand jury materials, *id.* ¶¶ 19–20. Instead of answering American Oversight's straightforward 59-paragraph Complaint, *see* ECF No. 1, on December 8, 2025, Defendants filed this non-dispositive motion[1] to strike routine, relevant background allegations from the Complaint. *See* ECF No. 7.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading" only "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A defendant moving under Rule 12(f) must meet a "high standard for prevailing on a motion to strike" by

---

[1] Prior to filing the motion, Defendants' counsel first emailed counsel for American Oversight to seek its position on this motion at 6:21pm on December 8, 2025—the day Defendants' responsive pleading was due.

demonstrating that allegations are both "irrelevant" and "prejudicial to the defendant." *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457 (D.D.C. 1994).

"Courts disfavor motions to strike." *Aftergood v. C.I.A.*, 355 F. Supp. 2d 557, 565 (D.D.C. 2005). "Such motions are disfavored because, so long as the complaint states a claim and is otherwise legally sufficient, the efforts of the parties and the attention of [the] court are better spent on the substantive merits of the action rather than the contents of the pleadings." *Makuch v. F.B.I.*, No. CIV.A. 99-1094 RMU, 2000 WL 915767, at *1 (D.D.C. Jan. 7, 2000). Motions to strike only a portion of a pleading are also "disfavored 'because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory tactic.'" *Id.* (quoting 5A Wright & Miller § 1380). "Thus, absent a 'strong reason for so doing,' courts will generally 'not tamper with pleadings.'" *Aftergood*, 355 F. Supp. 2d at 565 (quoting *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)). In considering a motion to strike, courts should "draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike." *Id.*

## ARGUMENT

Defendants' motion serves no purpose other than to delay the processing and production of documents responsive to American Oversight's FOIA requests. The motion to strike should be denied because (1) Defendants fail to show that the challenged allegations are irrelevant; and (2) even if the allegations *were* irrelevant, Defendants fail to show any prejudice in having to respond to them. *See, e.g.*, *Makuch*, 2000 WL 915767, at *2; *Williams v. Chu*, No. CV 07-901 (RBW), 2010 WL 11575517, at *2 (D.D.C. Sept. 30, 2010) ("[A]lthough the court may find that some

allegations are arguably irrelevant, impertinent or immaterial to the plaintiff's claim, if they are not scandalous or prejudicial to the defendant, the motion to strike will be denied.").

### I.    The Challenged Paragraphs Are Relevant to the Adequacy of Defendants' Searches and Support Plaintiff's Entitlement to Attorneys' Fees.

The challenged paragraphs are relevant to American Oversight's claims in at least two ways. *First*, the allegations—public statements from Defendants and Defendants' leadership, and public statements from a U.S. Senator with knowledge of the review—may prove directly relevant to whether Defendants conduct adequate searches for responsive records. *Second*, by succinctly demonstrating the widespread interest in the requested records, the allegations support Plaintiff's claim for attorneys' fees. Thus, the challenged paragraphs are entirely "relevant to [the] pleaded claim[s] for relief or defense" in this action, *Makuch*, 2000 WL 915767, at *2, and this motion must fail.

Defendants argue that a FOIA complaint must be a barebones document that contains allegations solely related to the "exhaustion of administrative remedies, the time that has passed since the request, or an agency response," ECF No. 7 at 2, and that any additional material is irrelevant. This is wrong, and would unfairly hamstring FOIA plaintiffs from pleading matter in support of their claims. Allegations in a complaint are only "immaterial and impertinent"—and thus subject to a potential motion to strike—where it "is not materially relevant to *any pleaded claim for relief or defense*." *Makuch*, 2000 WL 915767, at *2 (emphasis added). "[M]otions to strike are generally reserved for when it is clear that the allegations in question can have *no possible bearing* on the subject matter of the litigation." *Khan v. Dep't of Homeland Sec.*, No. CV 22-2480 (TJK), 2024 WL 4164644, at *5 (D.D.C. Sept. 12, 2024) (emphasis added) (internal quotation omitted). Here, Plaintiff's allegations in paragraphs 1–22 easily overcome that threshold.

A central issue in many FOIA cases is whether defendant agencies' searches were adequate. Here, the Complaint includes claims regarding the adequacy of Defendants' searches. *See* ECF No. 1 ¶¶ 47–52; *see also, e.g.*, *Khan*, 2024 WL 4164644, at *5 (determining that "details of the alleged incident" underlying the FOIA request at issue were "not necessary" per se, but still "*could* be relevant to whether Defendants have adequately searched for relevant records"); *Makuch*, 2000 WL 915767, at *3 (denying motion to strike where "[t]he court cannot say that the averments contained in these paragraphs are not 'materially relevant' to the plaintiffs' claims").

Allegations regarding public statements from the leaders of the two Defendant agencies, as well as Defendants' public descriptions of the review of the Epstein files, and statements from a U.S. Senator—whose committee leadership position enables access to inside information about the review—all may prove relevant to demonstrating the likelihood that responsive records exist that should be produced. For example, Senator Durbin's letter references instructions given to agency personnel to "flag" any records related to Donald Trump. ECF No. 1 ¶ 11. If no such records are produced in response to the underlying FOIA requests, that allegation would support an argument that the searches were inadequate. Likewise, should Defendants' productions yield surprisingly few responsive records, Defendants' description of the comprehensiveness of the review conducted would be relevant to whether the search was adequate. *Id.* ¶¶ 2–3, 5–9.

The allegations Defendants seek to strike are also potentially relevant to an award of attorneys' fees. Under FOIA, a plaintiff seeking recovery of fees must demonstrate both its eligibility for fees by showing that it has substantially prevailed, as well as its entitlement to fees. *McKinley v. Fed. Hous. Fin. Agency*, 739 F.3d 707, 710 (D.C. Cir. 2014). Entitlement is a multifactor analysis, which includes an assessment of the "public benefit derived from the case." *Id.* at 711. Public benefit analysis "requires an *ex ante* assessment of the potential public value of

the information requested, with little or no regard to whether any documents supplied prove to advance the public interest." *Morley v. C.I.A.*, 810 F.3d 841, 844 (D.C. Cir. 2016). Thus, citations to public statements from Administration officials, news coverage, a letter from a U.S. Senator, and related court cases are all relevant to show that the subject matter of the FOIA requests is of significant public importance and public interest. *See id.* ("[T]he more valuable the new information that could be generated, the more potential public value a request has. The nature of the subject that the request seeks to illuminate is obviously important.").

## II.    The Motion Should Be Denied Because Defendants Have Shown No Prejudice.

Even if the allegations in paragraphs 1–22 of the Complaint *were* irrelevant—which, as demonstrated, they are not—Defendants' motion must still fail because Defendants make no showing of prejudice. *Makuch*, 2000 WL 915767, at *2 ("[C]ourts view motions to strike portions of a complaint with such disfavor that many courts will grant such a motion only if the portions sought to be stricken as immaterial are also prejudicial or scandalous."); *Wiggins*, 853 F. Supp. at 457 (noting the "high standard for prevailing on a motion to strike" requiring allegations be both "irrelevant" and "prejudicial to the defendant"). Thus, even where a "complaint is considerably more detailed than necessary and includes allegations that may ultimately prove irrelevant, these flaws are not so egregious as to warrant striking the pleading." *See Sai v. Transportation Sec. Admin.*, No. CV 14-403 (RDM), 2015 WL 13889866, at *5 (D.D.C. Aug. 19, 2015).

Defendants' only attempt to demonstrate prejudice is a half-sentence conclusory assertion that "it prejudices the defendant to have to respond to allegations that are incendiary and immaterial." ECF No. 7 at 2. This is plainly insufficient. First, as discussed *supra*, the allegations *are* relevant. Second, throughout their motion, Defendants do not point to a single allegation that is supposedly "incendiary." And third, answering the challenged paragraphs in American Oversight's carefully pleaded Complaint is the stuff of routine litigation, not prejudice that

supports the drastic measure of striking portions of the Complaint. *See Sai*, 2015 WL 13889866, at *5 ("[R]equiring the government to respond to a 33-page complaint will not work an injustice or prejudice the TSA."). At most, answering the challenged allegations will require Defendants to acknowledge the existence of: (1) public statements from agency heads; (2) a memo issued by Defendants themselves; (3) a letter from a sitting U.S. Senator; (4) public reporting on the Epstein case and Defendants' review of the Epstein files; and (5) a court opinion from the Southern District of New York. Anything else could have simply been denied or, if necessary, portrayed as a conclusion or characterization to which no response was necessary.

Accordingly, because Defendants have failed to make any showing of prejudice, their request for the drastic remedy of striking only a portion of the Complaint must likewise fail. *See Makuch*, 2000 WL 915767, at *1.

## CONCLUSION

For the above reasons, the Court should deny Defendants' motion to strike paragraphs 1–22 of the Complaint and order Defendants to Answer the Complaint within 10 days.

Dated: December 19, 2025                    Respectfully submitted,

                                            */s/ David Kronig*
                                            David Kronig
                                            D.C. Bar No. 1030649
                                            AMERICAN OVERSIGHT
                                            1030 15th Street NW, B255
                                            Washington, DC 20005
                                            (202) 897-3915
                                            david.kronig@americanoversight.org
                                            *Counsel for Plaintiff*