UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *and* FEDERAL BUREAU OF INVESTIGATION<br><br>        Defendants. | Case No. 25-cv-03200 |

### **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE THE COMPLAINT**

**INTRODUCTION**

At issue in this litigation is a straightforward claim under FOIA—that Defendants' search was inadequate and that Defendants are wrongfully withholding. *See* Compl. ¶¶ 31-59 (setting out the required factual allegations and claims entirely divorced from the controverted paragraphs), ECF No. 1. Rather than confine its pleading to a "short and plain" statement of those straightforward claims as required by Rule 8, Plaintiff included various immaterial allegations of questionable or improper conduct. Plaintiff's opposition fails to rebut the plain application of Rules 8 and 12 to Plaintiff's complaint.

Those rules contain real and substantial procedural standards that limit the content of an appropriately drafted complaint. Rule 8 requires a complaint to include "a short and plain statement" in support of a court's jurisdiction and the claims asserted as well as the relief sought—no more and no less. Fed. R. Civ. P. 8(a); *see also id.* 8(d)(1) ("Each allegation must be simple, concise, and direct."). When a party fails to comply with these requirements, Rule 12 provides the solution. "The court may strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter." *Id.* 12(f). *See also Michigan Immigrant Rts. Ctr. v. U.S. Dep't of Homeland Sec.*, No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) ("FOIA, which requires agencies to provide access to records, not answers to questions" is not a tool to extract information or controversial responses from the Federal Government); *Chiquita Brands Int'l Inc. v. SEC*, 805 F.3d 289, 294 (D.C. Cir. 2015) ("Government agencies must generally release requested records without regard to the identity or motive of the requestor."); *Montgomery v. IRS*, 292 F. Supp. 3d 391, 396 (D.D.C. 2018) ("[A] requester's motive is irrelevant to the ultimate inquiry in a FOIA case: whether the agency properly withheld records."). As a result, "[w]hen a trial court concludes that an initial complaint fails to satisfy Rule 8, an appropriate remedy is to strike the complaint under Rule 12(f) and to provide the plaintiff with an opportunity to file an amended complaint that complies with the Rules." *Achagzai v. Broad. Bd. of Governors*, 109 F. Supp. 3d 67, 69 (D.D.C. 2015).

## ARGUMENT

### A FUTURE CHALLENGE TO ADEQUACY OF SEARCH OR FUTURE CLAIM FOR ATTORNEY'S FEES CANNOT JUSTIFY THE INCLUSION OF IMMATERIAL FACT ALLEGATIONS IN VIOLATION OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff's primary response is that allegations may be relevant for two reasons—demonstrating an inadequate search and entitlement to attorney's fees. Pl.'s Mem. In Opp. at 5-6, ECF No. 8. Both are insufficient.

The former fails because, "[i]f a plaintiff alleges that it has made a procedurally compliant [FOIA] request, the agency must then bear its burden to justify its withholding of records by, for example, demonstrating at summary judgment that the requested documents are exempt from disclosure." *See Citizens for Resp. & Ethics in Washington v. U.S. Dep't of Just.* ("*CREW*"), 922 F.3d 480, 488 (D.C. Cir. 2019). Plaintiff thus need only establish a procedurally compliant FOIA

2

request. Plaintiff need not make any allegation about the agency's search in a complaint alleging a failure to timely produce documents. Any litigation regarding the adequacy of the agency's search would be on summary judgment, where Plaintiff is not limited to the factual allegations of the complaint. *See, e.g.*, *100Reporters LLC v. U.S. Dep't of Just.*, 248 F. Supp. 3d 115, 132 (D.D.C. 2017) (describing the summary judgment process in FOIA cases). Indeed, the litigation would not even be on the basis Plaintiff seems to suggest—a "speculati[ve]" assessment of various public statements to determine "that as yet uncovered documents may exist." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) (rejecting that basis for challenging adequacy). Instead, briefing would focus on "whether the search was reasonably calculated to discover the requested documents, not whether it actually uncovered every document extant." *Id.* And none of what Plaintiff points to is relevant for that purpose.

Setting aside the legal irrelevance of the search issue, Plaintiff's complaint is filled with assertions immaterial to search adequacy even on Plaintiff's own understanding of how searches are disputed. For example, Plaintiff's complaint editorializes that "[t]he Epstein Memo raised more questions than it answered, contradicting prior statements by Trump Administration officials"; claims that "the Trump Administration has sought to further obfuscate the issues"; and alleges "failures [which] contradict statements" made about government transparency. *Id.* ¶¶ 15, 18, 19. None of those allegations is relevant to any element of the FOIA claims asserted, nor relevant to issue of adequacy of search.

The attorney's fees reasoning is even further afield. FOIA authorizes the award of fees reasonably incurred by a plaintiff who obtains through litigation "the production of any agency records improperly withheld," 5 U.S.C. § 552(a)(4)(B), when "the complainant has substantially

3

prevailed," *id.* at § 552(a)(4)(E)(i). That future analysis, if it comes, would be about Plaintiff's success in pursuing the claims brought here.

Naturally, then, there is no "claim" for attorney's fees in Plaintiff's complaint, nor is it necessary to plead a claim for fees. *See* Compl. Instead, Plaintiff may seek fees by filing a motion at the end of the case. *See, e.g.*, *Brayton v. Off. of the U.S. Trade Representative*, 641 F.3d 521, 523 (D.C. Cir. 2011); Fed. R. Civ. P. 54(d). A motion for attorney's fees in a FOIA case must demonstrate that a plaintiff substantially prevailed in the litigation and then whether, on a "variety of factors . . . the plaintiff *should* receive fees." *Brayton*, 641 F.3d at 524. Those factors include "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Dorsen v. SEC*, 15 F. Supp. 3d 112, 116 (D.D.C. 2014) (cleaned up). As a result, any future fees litigation will involve the Complaint only to the extent that the claims have led to either "(I) a judicial order, or an enforceable written agreement or consent decree; or (II) a voluntary or unilateral change in position by the agency, if the complainant's claim is not insubstantial." *See id.* (cleaned up). The "public benefit" analysis is divorced from any factual allegations in the Complaint involving "citations to public statements from Administration officials, news coverage, a letter from a U.S. Senator, and related court cases." *See* Mem. In Opp. at 6.

Because the Complaint is filled with material entirely irrelevant to the claims in this case—and Plaintiff's assertions otherwise are divorced from the analysis in FOIA litigation—Rules 8 and 12 apply. The Complaint here needed to allege only "that the plaintiff filed a FOIA request, exhausted administrative remedies or waited the required period of time, and did not receive a satisfactory response from the agency." *ForestWatch v. U.S. Forest Serv.,* 775 F. Supp. 3d 353,

4

371 (D.D.C. 2025). And the additional information, set aside from the section involving the statement of facts and claims at issue, is the kind of irrelevant material barred under the rules.

Finally, Plaintiff argues that Defendants need to show something beyond irrelevance to succeed on a motion to strike. Mem. In Opp. at 6-7. As a matter of first principles, that is not correct. Rule 12(f) is written "in the disjunctive" it "does not by its terms require that matters be prejudicial to be stricken." *Makuch v. FBI*, No. 99-1094, 2000 WL 915767, at *2 (D.D.C. Jan. 7, 2000). Irrelevant material beyond "a short and plain statement" supporting Plaintiff's allegations should be struck. *See* Fed. R. Civ. P. 8, 12(f). And by separating the Complaint into portions that constitute a short and plain statement sufficient to support their claims, and an introductory portion of irrelevant material, striking the offending allegations would be particularly straightforward here.

Of course, Defendants acknowledge that Rule 12(f) is discretionary. "The court *may* strike from a pleading" the material identified. Fed. R. Civ. P. 12(f) (emphasis added). Courts often require a showing of prejudice before granting the motion. *See* Mem. In Opp. at 6 (identifying examples); Mot. To Strike at 2 (acknowledging prejudice and the disfavored status of such motions). To the extent this Court decides that a showing of prejudice is required, the basis identified in Defendants' original brief is natural and self-explanatory. It prejudices the agencies to have to respond to allegations that are incendiary and immaterial. *See, e.g.*, *Jud. Watch, Inc. v. U.S. Dep't of Com.*, 224 F.R.D. 261, 264 (D.D.C. 2004) (striking statements that were "an obvious attempt to impugn the character of persons employed by the defendant" such as allegations of "'outrageous,' 'atrocious,' 'improper,' 'unethical,' and 'dishonest' conduct" because those "do not constitute facts that inform the Court's decision"). In those circumstances, Plaintiff's allegations distort the purpose of FOIA by seeking records (what Congress permitted plaintiffs to seek) and answers to any irrelevant but potentially controversial allegation. The latter represents an attempt

to pose interrogatories to which a FOIA plaintiff is not otherwise entitled. Although a plaintiff "may justly feel that these allegations, which he attempts to prove through FOIA requests, support his conclusion that his FOIA requests are of great importance, . . . [when] these allegations are irrelevant to the validity of [a plaintiff's] FOIA claims" a motion to strike is proper. *Robert v. Dep't of Just.*, No. 05-cv-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005), *aff'd as modified*, 439 F. App'x 32 (2d Cir. 2011).

## CONCLUSION

For the above reasons, the Court should strike the immaterial allegations of the Complaint, and grant Plaintiff leave to re-file in accordance with the requirements of Rule 8.

Dated: December 26, 2025              Respectfully submitted,

                                      STANLEY WOODWARD, Jr.
                                      Associate Attorney General

                                      BRETT A. SHUMATE
                                      Assistant Attorney General, Civil Division

                                      ELIZABETH J. SHAPIRO
                                      Deputy Branch Director

                                      */s/ Jason K. Altabet*
                                      JASON K ALTABET
                                      Trial Attorney (Md. Bar No. 2211280012)
                                      Federal Programs Branch
                                      U.S. Department of Justice, Civil Division
                                      1100 L St. NW
                                      Washington, DC 20005
                                      Tel: (202) 305-0727
                                      Email: jason.k.altabet2@usdoj.gov

                                      *Counsel for Defendants*