UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE, *and* FEDERAL BUREAU OF INVESTIGATION<br><br>        Defendants. | Case No. 25-03200 |

## **ANSWER**

Defendants Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI"), by and through undersigned counsel, respectfully submit this Answer to the Complaint, ECF No. 1, filed in this case by Plaintiff under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552.

**RESPONSES TO NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendants deny all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendants respond to the separately numbered paragraphs and prayer for relief in the Complaint as follows.

    1.    Denied.

2. Paragraph 2 of the Complaint consists of Plaintiff's characterization of a cited news story, not pertinent to the resolution of claims at issue in this FOIA action and to which no response is required.

3. Paragraph 3 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action and to which no response is required.

4. Denied.

5. Paragraph 5 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action and to which no response is required.

6. Paragraph 6 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action and to which no response is required.

7. Paragraph 7 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

8. Paragraph 8 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

9. Paragraph 9 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

10. Paragraph 10 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

11. Paragraph 11 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

12. Denied.

13. Paragraph 13 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

14. Paragraph 14 of the Complaint consists of Plaintiff's characterization of facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

15. Denied.

16. Paragraph 16 of the Complaint consists of Plaintiff's characterization of correspondence not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

17. Denied.

18. Denied.

19. Denied.

20. Paragraph 20 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

21. Paragraph 21 of the Complaint consists of Plaintiff's characterization of news stories not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

22. Paragraph 22 of the Complaint consists of Plaintiff's characterization of alleged facts not pertinent to the resolution of claims at issue in this FOIA action, to which no response is required.

23. Defendants DOJ and the FBI received FOIA requests from Plaintiff dated July 29, 2025. Defendants refer the Court to the FOIA requests for a complete and accurate statement of its contents.

24. This paragraph contains Plaintiff's characterization of this action to which no response is required.

25. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit only that jurisdiction is proper.

26. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper.

27. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

28. Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of statement contained in this paragraph.

29. Defendant DOJ admits only that it is federal agency within the meaning of FOIA. The remainder of the paragraph contains conclusions of law to which no response is required.

30. Defendant FBI denies that the FBI is an agency within the meaning of 5 U.S.C. § 552(f)(1), but admits that the FBI is a component of DOJ, which is headquartered in Washington,

D.C., and is a federal agency within the meaning of FOIA. The remainder of this paragraph consists of conclusions of law to which no response is required.

31. Defendant DOJ admits that its components, the Office of Information Policy ("OIP"), the Office of Legal Counsel ("OLC"), and the FBI each received a FOIA request from Plaintiff dated July 29, 2025. Defendants refer the Court to the FOIA requests for a complete and accurate statement of their contents and deny any allegations inconsistent therewith.

32. Paragraph 32 consists of Plaintiff's characterization of its requests. Defendants refer the Court to the FOIA requests for a complete and accurate statement of their contents.

33. Defendants admit that OIP received a FOIA request from Plaintiff dated July 29, 2025. Defendants refer the Court to the FOIA request for a complete and accurate statement of its contents.

34. Admitted. Defendants refer the Court to OIP's August 26, 2025, acknowledgement letter for a complete and accurate statement of its contents.

35. Admitted. Defendants refer the Court to OIP's August 26, 2025, acknowledgement letter for a complete and accurate statement of its contents.

36. Defendants admit that, as of the filing of the Complaint, OIP has neither communicated further with Plaintiff nor issued a determination in response to Plaintiff's FOIA request.

37. Defendants admit that the FBI received a FOIA request from Plaintiff dated July 29, 2025. Defendants refer the Court to the FOIA request for a complete and accurate statement of its contents.

38. Defendants admit that the FBI assigned Plaintiff's request FOIA tracking number 1676999-000 and acknowledged this request by letter dated August 13, 2025. Defendants

respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

39. Admitted. Defendants respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

40. Defendants admit that, as of the filing of the Complaint, the FBI has neither communicated further with Plaintiff nor issued a determination in response to Plaintiff's FOIA request.

41. Defendants admit that OLC received a FOIA request from Plaintiff dated July 29, 2025. Defendants refer the Court to the FOIA request for a complete and accurate statement of its contents.

42. Admitted. Defendants refer the Court to OLC's August 4, 2025, acknowledgement letter for a complete and accurate statement of its contents.

43. Defendants admit that, as of the filing of the Complaint, OLC has neither communicated further with Plaintiff nor issued a determination in response to Plaintiff's FOIA request.

44. Defendants admit that, as of the filing of the Complaint they have neither communicated further with Plaintiff nor issued a determination in response to Plaintiff's FOIA requests.

45. Admitted.

46. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

47. Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

48. This paragraph consists of legal conclusions to which no response is required. To

the extent a response is required, Defendants admit only that Plaintiff submitted FOIA requests to Defendants dated July 29, 2025.

49. Defendant DOJ admits only that it is federal agency within the meaning of FOIA. The remainder of the paragraph contains legal conclusions to which no response is required.

50. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

51. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

52. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

53. Defendants reallege and incorporate by reference all of the preceding paragraphs of this Answer as if fully stated herein.

54. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

55. Defendant DOJ admits only that it is federal agency within the meaning of FOIA. The remainder of the paragraph contains legal conclusions to which no response is required.

56. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

57. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

58. This paragraph consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

59. This paragraph consists of legal conclusions to which no response is required. To

the extent a response is deemed required, Defendants deny the allegations in this paragraph.

The remaining paragraphs set forth Plaintiff's prayer for relief, to which no response is required. To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## **DEFENSE**

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA.

Dated: February 2, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director

*/s/ Jason K. Altabet*
JASON K ALTABET
Trial Attorney (Md. Bar No. 2211280012)
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L St. NW
Washington, DC 20005
Tel: (202) 305-0727
Email: jason.k.altabet2@usdoj.gov

*Counsel for Defendants*