## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, | ) ) ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) ) | Case No. 25-cv-3200-JEB |
| U.S. DEPARTMENT OF JUSTICE, *et al.* | ) ) ) | |
| *Defendants.* | ) ) | |

### DECLARATION OF ELIZABETH HADDIX

I, ELIZABETH HADDIX, hereby declare as follows:

1.      I am Senior Counsel at American Oversight and counsel of record for American Oversight in the above-captioned action. I make this declaration based on my personal knowledge through consultation with my colleagues at American Oversight, and through a review of American Oversight's business records.

2.      American Oversight is a non-partisan, nonprofit organization primarily engaged in disseminating information to the public and committed to ensuring transparency in government and promoting accountability for government officials. American Oversight's primary professional activity or occupation is information dissemination.

3.      American Oversight analyzes the records it receives, creates explanatory and editorial content on the basis of its findings and highlights its findings for other media to ensure wide public dissemination. American Oversight also typically posts records it receives from public records requests for free public viewing on its website. American Oversight disseminates the information it receives to facilitate the American public's informed participation in self-

1

government, including equipping the public with information it needs to effectively petition its representatives in Congress.

4.      American Oversight intends to rapidly disseminate to the public the information it receives in response to the FOIA requests that are the subject of this litigation.

5.      On July 29, 2025, American Oversight sent the three FOIA requests—one to United States Department of Justice (DOJ) DOJ's Office of Information Policy (OIP), one to DOJ's Office of Legal Counsel (OLC), and one to the Federal Bureau of Investigation (FBI)—described in the Complaint, ECF No. 1, ¶¶ 33, 37 and 41.

6.      True and accurate copies of each of those requests are attached to the Complaint, ECF No. 1, as Exhibits A, C and E.

7.      On August 4, 2025, OLC acknowledged receipt of the request addressed to it, and assigned it agency tracking number FY25-390. *See id.,* Ex. F.

8.      On August 13, 2025, the FBI acknowledged receipt of the request addressed to it, and assigned it agency tracking number 1676999-000. *See id.,* Ex. D.

9.      On August 26, 2025, OIP acknowledged receipt of the request to DOJ and assigned it agency tracking number FOIA-2025-06123. *See id*., Ex B.

10.     On March 6, 2026, American Oversight submitted a request for expedited processing of all three FOIA requests to DOJ (including DOJ's Office of Public Affairs), OLC, and FBI, with simultaneous copy via electronic mail to Defendants' counsel of record. A true and accurate copy of that request is attached hereto as Attachment A and incorporated herein by reference.

11.     At 9:03am ET on March 12, 2026, I emailed Defendants' counsel of record in an effort to (a) negotiate an expedited date by which Defendants would produce all non-exempt

2

records responsive to three FOIA requests; or (b) if Defendants would not agree to (a), to confer regarding Defendants' position with respect to the relief American Oversight's motion is seeking. Defendants' counsel responded to that email on March 12 at 10:16pm ET, saying only that Defendants "plan on responding to Plaintiff's request for expedited processing on March 16 at which time they will communicate their determination of whether they are granting Plaintiff's request." True and accurate copies of these communications are attached hereto as Attachment B.

12.    On March 13, 2026, I both telephoned and again emailed Defendants' counsel in an effort to confer about Defendants' position with respect to the relief sought by Plaintiff's preliminary injunction motion.

13.    During my March 13, 2026 telephone conversation with counsel for Defendants Jim Todd, Mr. Todd confirmed OLC's intention to send a substantive response later that day but otherwise did not commit to any production schedule. In a follow up email, I reiterated American Oversight's urgent "need to move for emergency relief early next week if Defendants cannot agree to complete production reasonably in advance of Bondi's deposition." *See* Attach. B at 1.

14.    Later that day, American Oversight received a response from OLC stating that "[a] search of OLC's files has located no documents responsive to your request."

15.    Counsel for American Oversight conferred again by telephone with counsel for Defendants on March 16, 2026, at 1:06pm ET. Counsel for Defendants said Defendants' position remained as communicated on March 12, 2026. *See supra* ¶ 11.

16.    As of the time of this Declaration, American Oversight has not received from any responsive records from Defendants.

3

17.     As of the time of this declaration, the only final FOIA determination American Oversight has received in response to its FOIA requests is OLC's March 13, 2026, determination that it possesses no responsive records.

18.     American Oversight's ability to obtain public records on a prompt basis is crucial to its mission of ensuring transparency of government actions, promoting accountability of government officials, and disseminating information about government activities to the public. Prompt responses to public records requests and timely production of relevant documents are crucial to American Oversight's ability to fulfill its mission.

19.     As described in Attachment A and incorporated herein, American Oversight seeks expedited processing of the requested records to ensure the American people and their representatives in Congress have as much information as possible on a matter of great public importance—Defendants' handling of the Epstein files—ahead of the rapidly approaching deposition of Attorney General Pam Bondi by the United States House Committee on Oversight and Government Reform. Accordingly, American Oversight will promptly publish records produced by the government in response to its three FOIA requests.

20.     American Oversight and the public will be irreparably harmed unless Defendants comply with their statutory obligations regarding these FOIA requests at least ten (10) days before Bondi's deposition, because after that date, the value of these records will be greatly diminished.

21.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 16, 2026                          /s/ *Elizabeth Haddix*
                                                Elizabeth Haddix